```
UNITED STATES DISTRICT COURT
  SOUTHERN DISTRICT OF INDIANA

VARNADOR SUTTON,              )
                              )
           Plaintiff,         )
      v.                      )   No. 1:10-cv-1059-SEB-DML
                              )
UNITED STATES OF AMERICA,     )
                              )
           Defendant.         )
```

**Entry Discussing Selected Matters**

This is an action brought by Varnador Sutton to reclaim title to property seized by the United States. The seizure arises out of circumstances associated with the criminal prosecution of Sutton in this district. The United States has filed a motion for summary judgment, to which Sutton has responded, and Sutton has filed a cross-motion for summary judgment.

**I.**

**A.**

Varnador Sutton has opposed the United States' motion for summary judgment, but his response lacks evidentiary significance. That is, his response fails to include the *statement of material facts in dispute* required by Local Rule 56.1(b). The *statement of material facts in dispute* required by Local Rule 56.1(b) is to identify the potentially determinative facts and factual disputes which the plaintiff contends demonstrate that there is a dispute of fact precluding summary judgment. These factual assertions must be supported by appropriate citations to the record and evidence submitted in connection with the motion for summary judgment. "It is not the duty of the court to scour the record in search of evidence to defeat a motion for summary judgment; rather, the nonmoving party bears the responsibility of identifying the evidence upon which he relies." *Harney v. Speedway SuperAmerica, LLC,* 526 F.3d 1099, 1104 (7th Cir. 2008) (citing *Bombard v. Fort Wayne Newspapers, Inc.*, 92 F.3d 560, 562 (7th Cir. 1996)). The failure to submit the required *statement of material facts in dispute* concedes the defendant's version of the facts to the extent they are supported by admissible evidence. This is the consequence of Local Rule 56.1(e). *See, e.g., Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) (holding that "a failure to respond by the nonmovant as mandated by the local rules results in an admission"); *Greer v. Bd. of Educ., of the City of Chicago,* 267 F.3d 723, 727 (7th Cir. 2001); *Members v. Paige,* 140 F.3d 699, 702 (7th Cir. 1998)(stating that procedural rules "apply to uncounseled litigants and must be enforced").

In light of the foregoing, the plaintiff shall have **through December 29, 2010**, in which to supplement his response to the motion for summary judgment.

**B.**

The United States shall have **through January 12, 2011**, in which to reply to Sutton's response to the motion for summary judgment.

## II.

Sutton's cross-motion for summary judgment (dkt 23) is **denied** because it lacks the *statement of material facts not in dispute* required by Local Rule 56.1(a).

**IT IS SO ORDERED.**

Date: 12/17/2010

*[Signature: Sarah Evans Barker]*

SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Varnador Sutton
#59257-019
Atlanta - U.S. Penitentiary
Inmate Mail/Parcels
P.O. Box 150160
Atlanta, GA 30315

Shelese M. Woods
shelese.woods@usdoj.gov

Winfield D. Ong
winfield.ong@usdoj.gov

Gerald A. Coraz
gerald.coraz@usdoj.gov